UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:24-cv-81521-LEIBOWITZ/MCCABE

JAMES STANNARD,

    *Plaintiff,*

v.

GOLDORO DEVELOPMENTS, INC., *et al.*,

    *Defendants.*

_____/

## ORDER

**THIS CAUSE** comes before the Court on Defendants, Goldoro Developments, Inc. ("Goldoro") and Ciro Adamo, M.D. ("Dr. Adamo) (collectively, "Defendants") Motion to Dismiss Plaintiff's Amended Complaint ("the Motion"), filed on February 26, 2025. [ECF No. 18]. Plaintiff James Stannard ("Plaintiff") submitted a Response in Opposition to the Motion (the "Response") [ECF No. 25], and Defendants submitted a Reply (the "Reply") [ECF No. 26]. The Court has reviewed the parties' arguments, the record, and the relevant legal authorities. For the reasons stated below, the Motion [**ECF No. 18**] is **DENIED**.

**I.    BACKGROUND**

Plaintiff filed this action against Defendants on December 5, 2024. [ECF No. 1]. On February 12, 2025, Plaintiff filed an Amended Complaint (the "Complaint"). [ECF No. 16]. The Complaint asserts two causes of action: (1) violation of the Fair Labor Standards Act ("FLSA") against Defendants and (2) breach of contract for unpaid wages under Florida common law against Defendant Goldoro. [*Id.* at 7–12].

Plaintiff alleges that on January 29, 2023, the parties signed an Offer of Employment and Ancillary Agreements (the "Agreement"), a copy of which is attached to the Complaint. [*Id.* ¶ 24].

Pursuant to the Agreement, Plaintiff was employed by Defendants as the Director of Operations. [*Id.* ¶ 25]. Under the Agreement, Plaintiff was to receive an annual salary of $200,000.00, paid out on a bi-weekly basis, in addition to performance and retention bonuses. [*Id.* ¶ 26]. Plaintiff typically worked 60 hours over the span of seven days per week while employed with Defendants. [*Id.* ¶ 28]. Plaintiff alleges that for a total of 27 weeks, or 14 pay periods from August 2023 through October 2024, Plaintiff was not paid his entitled wages. [*Id.* ¶ 29]. On October 3, 2024, Plaintiff provided formal written notice of his unpaid wages and expenses to Dr. Adamo, but Dr. Adamo refused to respond or compensate Plaintiff. [*Id.* ¶ 31]. Plaintiff indicated he would be forced to resign if he did not receive full payment within fourteen (14) days. [*Id.*]. On October 16, 2024, Plaintiff sent another letter to Dr. Adamo reiterating his request for payment and that he would be forced to resign due to non-payment. [*Id.* ¶ 33]. Again, Dr. Adamo refused to respond or compensate Plaintiff for his unpaid wages. [*Id.* ¶ 34]. As a result of not being paid his earned salary, or at the very least, minimum wage during his employment and Dr. Adamo's lack of responsiveness, Plaintiff was forced to resign on October 18, 2024. [*Id.* ¶ 35].

Plaintiff alleges that because under the FLSA employers are required to comply with both federal and state laws establishing minimum wage, if state law establishes a higher minimum wage than federal law, the state law minimum wage must be applied. [*Id.* ¶ 36 (citing 29 U.S.C. § 218(a)]. Therefore, Plaintiff alleges that because he was not properly paid on a salary basis from August 2023 through October 2024, he should have been paid at least the Florida minimum hourly rate for up to 40 hours per week for the dates he worked and was not paid. [*Id.* ¶ 38]. Plaintiff also contends that he is due reimbursement for business expenses incurred through the duration of his employment, as well as two weeks of vacation annually for which he was not compensated upon his exit. [*Id.* ¶¶ 40, 41]. To date, Plaintiff has not been paid his entitled wages from Defendants. [*Id.* ¶ 44].

Defendants responded with this Motion and request the Court dismiss the Complaint with prejudice because (1) Plaintiff lumps together federal and state minimum wage claims under Count I, rendering the Complaint a quintessential shotgun pleading, and (2) Plaintiff fails to allege satisfaction of conditions precedent, notwithstanding the statutory pre-suit notice requirement set forth in Section 448.110(6), Florida Statutes. [ECF No. 18 at 1].

## II.  LEGAL STANDARD

A pleading in a civil action must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Nor can a complaint rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570).

When reviewing a motion to dismiss, generally a court must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration All.*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Off.*, 449 F.3d 1342, 1352 (11th Cir. 2006).

**III.    DISCUSSION**

Defendants make three arguments for dismissal as follows: (1) Plaintiff's shotgun pleading requires dismissal; (2) Plaintiff failed to satisfy conditions precedent and is barred from seeking Florida minimum wages because he tendered statutory notice after the lawsuit was filed and because the post-suit notice does not comply with Florida law; and (3) the Court should not exercise supplemental jurisdiction over Count II. [*See* ECF No. 18]. The Court will address each of Defendants' arguments for dismissal.

**A. Count I – Shotgun Pleading**

Complaints that violate either Rule 8(a)(2) or Rule 10(b) of the Federal Rules of Civil Procedure are often referred to as "shotgun pleadings." *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021). Rule 8(a)(2) requires a complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 10(b) states:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b). The "self-evident" purpose of these rules is "to require the pleader to present his claims distinctly and succinctly, so that[ ] his adversary can discern what he is claiming and frame a responsive pleading." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (quoting *T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985)). The key characteristic of a shotgun pleading is its failure to give defendants "adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323.

In *Weiland*, the Court identified four types of shotgun pleadings. The first type "is a complaint containing multiple counts where each count adopts the allegations of all preceding counts[.]" *Id.* at 1321. The second type is a complaint "replete with conclusory, vague, and immaterial facts not

obviously connected to any particular cause of action." *Id.* at 1322.  The third type is a complaint that fails to separate each cause of action into a separate count.  *Id.* at 1322–23.  The fourth type is a complaint that asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

Defendants argue that Count I is a shotgun pleading because it improperly lumps together separate causes of action for state and federal minimum wage violations.  [ECF No. 18 at 7].  In support of this, Defendants quote language from the Complaint stating that Count I is a claim for violation of the FLSA, but Count I alleges that "[t]he amount due and owing to [Plaintiff] as a result of unpaid regular wages is approximately $19,620.00 using Florida Minimum Wage." [*Id.* at 7; ECF No. 16 ¶ 60].  Thus, in Defendants' view, because Count I references Florida Minimum Wage, the Complaint lumps together state and federal law minimum wage claims within Count I.  [ECF No. 18 at 7].  Plaintiff argues in response that Count I is explicitly and exclusively grounded in federal law under the FLSA and that there is no independent claim under the Florida Minimum Wage Act (FMWA), nor is there any request for relief pursuant to Florida statutory wage laws.  [ECF No. 25 at 7].  Plaintiff notes that the reference in Count I to Florida's higher minimum wage rate serves only as a factual basis for measuring damages under the FLSA, which allows employees to benefit from higher state minimum wage rates where applicable.  [*Id.*].

Upon the Court's review of the Complaint, the Court mostly agrees with Plaintiff.  The Court finds that Plaintiff brings a single claim in Count I under the FLSA, and any reference to the Florida minimum wage is not in support of a separate claim being brought under the FMWA.  However, the Court notes that Plaintiff's reference to Florida's higher minimum wage rate for damages may not be what Plaintiff is entitled to under the law.  Although the Eleventh Circuit has not weighed in on the issue yet, a review of the case law within this district demonstrates that courts are split on whether a

5

litigant seeking relief under the FLSA is entitled to Florida's higher minimum wage or the federal minimum wage. *See Touzout v. Am. Best Car Rental KF Corp.*, No. 15-61767-CV, 2017 WL 2541225, at *1 (S.D. Fla. June 12, 2017) (stating "courts in the Southern District of Florida have generally used the Florida minimum wage to calculate damages in cases brought under the FLSA" and citing *Isaula v. Chicago Restaurant Group, LLC*, No. 13–CV–24387–JLK, 2014 WL 3477917 (S.D. Fla. Jul. 11, 2014); *Roldan v. Pure Air Solutions, Inc.*, No. 07–CV–22203, 2009 WL 198911 (S.D. Fla. Jan. 27, 2009)). *But see Garrido v. Pro Servs. Grp., LLC*, No. 9:24-CV-80027, 2024 WL 5056997, at *6 (S.D. Fla. Aug. 7, 2024) ("[Plaintiff] is entitled to recover the federal minimum wage[.]"); *Bowers v. Trading Card World LLC*, No. 22–CV–22897, 2023 WL 5154316, at *4 (S.D. Fla. July 26, 2023), *report and recommendation adopted*, No. 22–CV–22897, 2023 WL 5139371 (S.D. Fla. Aug. 10, 2023) ("[Plaintiff], however, has failed to take into account that, under the FLSA, he is only entitled to the federal minimum hourly wage of $7.25."); B*onich v. NAS Component Maint., Inc.*, No. 20–CV–21582, 2020 WL 3000187, at *2 (S.D. Fla. June 4, 2020) ("The Fair Labor Standards Act only entitles Plaintiff to the federal minimum wage."). However, this Court has previously held that a plaintiff "can only recover the federal minimum wage" on an FLSA claim. *Cortez v. Hellenic Republic, Inc.*, No. 0:24–CV–60999, 2025 WL 297362, at *3 (S.D. Fla. Jan. 8, 2025), *report and recommendation adopted*, No. 0:24–CV–60999, 2025 WL 297315 (S.D. Fla. Jan. 24, 2025).

Even if the Court disagrees with Plaintiff's damages calculation, that is an issue for the Court to consider if the case proceeds to damages. At the motion to dismiss stage, the Court finds that Plaintiff has properly plead Count I, and it is not a shotgun pleading. Thus, the Motion's request to dismiss Counts I as a shotgun pleading is DENIED.

### B.  Count I – Pre-Suit Notice

Defendants also argue that Plaintiff failed to satisfy conditions precedent and is barred from seeking Florida minimum wages because he tendered statutory notice *after* the lawsuit was filed and

because the post-suit notice does not comply with Florida law. [ECF No. 18 at 3]. Defendants base this argument on the fact that they believe Plaintiff is lumping together a state and federal claim as previously discussed in Count I. [ECF No. 26 at 2]. Thus, because Defendants believe that Plaintiff is bringing a separate claim under the FMWA in Count I, they believe that Plaintiff has not met the required pre-suit notice for a minimum wage claim under Florida law. [*Id.*; ECF No. 18 at 4]. However, Plaintiff argues in response that Count I is a cause of action for unpaid minimum wages under the FLSA only, and the FLSA does not require an employee to provide any form of pre-suit notice to the employer before filing a lawsuit. [ECF No. 25 at 4]. Defendants concede in their Reply that pre-suit noticed is not required under the FLSA. [ECF No. 26 at 2].

The Court agrees with both parties that "the FLSA does not contain a pre-suit notice or demand requirement." *Nelson v. Kobi Karp Architecture & Interior Design, Inc.*, No. 17–CV–23600, 2018 WL 3059980, at *3 (S.D. Fla. May 8, 2018). The Court noted above that Count I is a single claim under the FLSA, and because of that, no pre-suit notice requirement applies. Thus, the Motion's request to dismiss Count I for failure to comply with the pre-suit notice requirement under Florida law is DENIED.

### C.  Supplemental Jurisdiction

Defendants argue that because the Court should dismiss Count I (Plaintiff's only federal claim), the Court should refuse to exercise supplemental jurisdiction over Count II. [ECF No. 18 at 8]. However, because the Court is not dismissing Count I, the Court need not consider Defendants' argument here.

### IV.   CONCLUSION

For the reasons stated above, it is hereby **ORDERED AND ADJUDGED** that the Motion [**ECF No. 18**] is **DENIED**. Defendants shall submit their answers to the Complaint **no later than May 23, 2025**.

7

**DONE AND ORDERED** in the Southern District of Florida on May 1, 2025.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc: counsel of record