UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-81521-Leibowitz/McCabe

JAMES STANNARD,

    Plaintiff,
v.

GOLDORO DEVELOPMENTS, INC., et al.,

    Defendants.
_____/

## REPORT & RECOMMENDATION

THIS CAUSE comes before the Court on Plaintiff's motion to dismiss Defendants' counterclaim, which was referred to the undersigned by United States District Judge David S. Leibowitz. (DE 30, DE 35). For the reasons set forth below, the undersigned **RECOMMENDS** that the motion be **GRANTED** and that the counterclaim be **DISMISSED**.

## I.    BACKGROUND

This is an FLSA case. According to the Amended Complaint, Plaintiff previously worked as Director of Operations for one of the Defendants, Goldoro Developments, Inc., d/b/a Bluewater Radiology ("Bluewater Radiology"), a company owned and operated by another Defendant, Ciro Adamo. (DE 16 ¶¶ 10, 17). Plaintiff alleges that, during his term of employment, Defendants failed to pay him all wages due under the FLSA and under his employment contract. (DE 16). By way of the Amended Complaint, Plaintiff brings two counts: (1) violation of the FLSA against all Defendants, and (2) breach of contract against Defendant Bluewater Radiology. (DE 16 ¶¶ 47-77).

Defendants raised several affirmative defenses as well as a counterclaim against Plaintiff for breach of fiduciary duty. (DE 28 at 11). The counterclaim alleges that Plaintiff violated various fiduciary obligations related to his duties as Director of Operations. (DE 28 at 17). Based on their counterclaim, Defendants seek to apply a set-off to any damages that might be awarded to Plaintiff by way of his affirmative claims. (DE 28 at 20).

## II.  LEGAL STANDARD

By way of this motion, Plaintiff seeks dismissal of Defendants' counterclaim pursuant to Fed. R. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(b)(1). In evaluating a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court must accept the allegations in the counterclaim as true and construe them in the light most favorable to the counter-claimant. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," a mere "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Instead, the counterclaim "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the [counter-claimant] pleads factual content that allows the court to draw the reasonable inference that the [counter-claimee] is liable for the misconduct alleged." *Id.* (cleaned up).

As to Rule 12(b)(1), Plaintiff makes a facial attack on subject matter jurisdiction over the counterclaim. "A facial attack on the [claim] requires the court merely to look and see if the [party] has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his [claim] are taken as true for the purposes of the motion." *McElmurray v. Consolidated Gov't of Augusta–*

*Richmond County*, 501 F.3d 1244, 1251 (11th Cir. 2007).  The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim.  *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002).

## III.     DISCUSSION

Plaintiff seeks dismissal of the counterclaim on three grounds.  As set forth below, the Court finds the first two arguments unpersuasive but agrees with the third argument.

### A.     Shotgun Pleading

Plaintiff first seeks dismissal based on the rule against shotgun pleadings.  (DE 30 at 7-8).  Pursuant to Fed. R. Civ. P. 8(a)(2), a pleading must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Additionally, Rule 10(b) requires that each claim be presented in separate, numbered paragraphs, that each claim be "limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate occurrence ... be stated in a separate count."  Pleadings that violate Rules 8(a)(2) and 10(b) are known as "shotgun pleadings."  *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021).  Shotgun pleadings fail to give an opponent "adequate notice of the claims against them and the grounds upon which each claim rests."  *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015).  Shotgun pleadings commonly suffer from one or more of the following deficiencies:

> (1)     they contain multiple counts, with each count adopting the allegations of all preceding counts, thereby causing each successive count to carry all that came before, and leaving the last count to be a combination of the entire complaint;
>
> (2)     they are replete with conclusory, vague, and immaterial allegations not obviously connected to any particular cause of action;
>
> (3)     they do not separate each cause of action into a different count; and

>   (4)   they assert multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions.

*Id.*

The Court has reviewed the counterclaim here and finds that it does not violate the rule against shotgun pleadings. The counterclaim asserts a single claim for breach of fiduciary duty and alleges sufficient facts to explain the claim. It does not lump together multiple causes of action, or rely on vague or conclusory allegations, or incorporate prior paragraphs in a way that confuses the relief sought. In the Court's view, the counterclaim gives Plaintiff fair notice of the claim against him and the grounds upon which it rests.

###   B.   *Brennan* Rule

Plaintiff next argues that the counterclaim should be dismissed because it violates the *Brennan* Rule, so named after the former Fifth Circuit's decision in *Brennan v. Heard*, 491 F.2d 1, 4-5 (5th Cir. 1974), *abrogated on other grounds by McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988). In *Brennan*, the former Fifth Circuit held that district courts should not allow set-offs in FLSA cases where doing so would cause the plaintiff's wages to fall below the statutory minimum, unless the employer alleges an overpayment or pre-payment of wages. *Id.* The *Brennan* court reasoned that allowing set-offs under those circumstances would deprive the employee of the "cash in hand" contemplated by the FLSA in actions to enforce minimum wage and overtime protections. *Id.* In short, "[t]he only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards [and that] [t]o clutter [FLSA] proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the [FLSA]." *Id.*

The Court finds this argument unpersuasive because the Eleventh Circuit subsequently limited *Brennan* by finding it not applicable to a case where the defendant proved that an FLSA exemption covered the plaintiff employee at issue. *See Pioch v. IBEX Eng'g Servs.*, 825 F.3d 1264, 1274 (11th Cir. 2016). As the Eleventh Circuit reasoned: "It does not seem to us … that those concerns [discussed in *Brennan*] carry over to a situation like the one here where an employee is exempt from the FLSA's coverage and therefore cannot recover anything under the [FLSA]." *Id.*

Relying on this language, district courts routinely refuse to dismiss counterclaims, on *Brennan* grounds, where a defendant raises an FLSA exemption as an issue in the case. *See Figuera v. All Vip Care Inc.*, No. 0:22-CV-61553, 2023 WL 11931143, at *3 (S.D. Fla. Apr. 7, 2023) (denying motion to dismiss counterclaim under the *Brennan* rule where defendant claimed plaintiff was an independent contractor not subject to the FLSA); *Billingsley v. Emmons*, No. 8:21-CV-351-KKM-CPT, 2021 WL 3493625, at *1 (M.D. Fla. Aug. 9, 2021) (same). These cases reason that it would be premature to decide the application of *Brennan* before deciding the application of the FLSA exemption at issue. *See Figuera*, 2023 WL 11931143, at * 3.

Applying that standard here, the Court declines to dismiss the counterclaim on *Brennan* grounds. By way of their first affirmative defense, Defendants allege that Plaintiff qualifies for an FLSA exemption because he acted as an administrative, executive, or highly compensated employee. (DE 28 at 8). It would be premature to decide the application of *Brennan* before deciding the application of the FLSA exemption raised by Defendants' first affirmative defense.

### C. Lack of Subject Matter Jurisdiction

Plaintiff next argues that the counterclaim should be dismissed for lack of subject matter jurisdiction. (DE 30 at 4-6). "Federal courts are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As applied here, the parties agree that the counterclaim does not give rise to federal question jurisdiction under 28 U.S.C. § 1331, nor does it give rise to diversity jurisdiction under 28 U.S.C. § 1332. As such, subject matter jurisdiction cannot exist over the counterclaim unless it arises under the "supplemental jurisdiction" provisions of 28 U.S.C. § 1367.

Plaintiff argues that supplemental jurisdiction does not exist here because the counterclaim qualifies as permissive rather than compulsory for purposes of Fed. R. Civ. P. 13. (DE 30 at 4-6). As a preliminary matter, the Court disagrees that Rule 13 controls this inquiry. After the passage of § 1367 in 1990, "the distinction between a compulsory and a permissive counterclaim ceased to be relevant in determining whether a court has jurisdiction over a state-law counterclaim." *Gonzalez v. Batmasian*, 239 F. Supp. 3d 1363, 1365 (S.D. Fla. 2017) (citing *Channell v. Citicorp Nat. Servs., Inc.*, 89 F.3d 379, 385 (7th Cir. 1996)). Instead, a district court must apply § 1367, not Rule 13, to define its jurisdiction. *Id.*; *see also Glob. NAPs, Inc. v. Verizon New England Inc.*, 603 F.3d 71, 87 (1st Cir. 2010) (collecting cases and holding "that § 1367 supersedes case law on supplemental jurisdiction that had distinguished between compulsory and permissive counterclaims").

Applying that standard here, the Court agrees the counterclaim should be dismissed under two separate provisions of § 1367.

6

1. **§ 1367(a)**

First, the counterclaim fails to satisfy § 1367(a), which authorizes district courts to exercise supplemental jurisdiction over state-law claims as follows:

> (a) Except as provided in subsections (b) and (c) … in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims *that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.* …

(emphasis added). For purposes of this statute, a state-law claim satisfies the "case or controversy" requirement when it derives from the same "common nucleus of operative fact" as the claims over which the district court has original jurisdiction. *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006) (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)). To make this determination, courts "look to whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." *Hudson v. Delta Air Lines*, Inc., 90 F.3d 451, 455 (11th Cir. 1996).

Applying this standard, courts have repeatedly found that FLSA counterclaims fall outside the scope of § 1367(a) when they arise from different facts and rest upon different occurrences, witnesses, and evidence. *See Leite v. Tremron, Inc.*, No. 12-22118-CIV, 2012 WL 4049962, at *3 (S.D. Fla. Sept. 13, 2012) (finding no supplemental jurisdiction because "[w]hile Leite will submit proof of overtime hours worked and unpaid wages owed, Defendants' evidence will pertain to the breach of the settlement agreement and the representations that Leite made to Tremron therein."); *Odely v. Team-Nat'l, Inc.*, No. 07-60235-CIV, 2007 WL 9700985, at *2 (S.D. Fla. May 22, 2007) ("Plaintiff's FLSA claim and Defendant's claim for recovery on Plaintiff's promissory note involve different facts and evidence, and the fact of the parties' employment relationship is

7

insufficient to provide a basis for jurisdiction."); *Contreras v. El Alacran Supermarket, Inc.*, No. 6:22-CV-910-WWB-EJK, 2023 WL 2917131, at *2 (M.D. Fla. Jan. 4, 2023) (finding no supplemental jurisdiction because the counterclaims for fraud, conversion, and breach of fiduciary duty involved different facts and legal issues than the FLSA claims).

Applying these standards here, the Court finds that Defendants' counterclaim for breach of fiduciary duty fails to satisfy § 1367(a). Put differently, the counterclaim does not derive from the same common nucleus of operative fact as Plaintiff's affirmative claims for violation of the FLSA and for breach of contract. While Plaintiff's affirmative claims focus on the discrete issue of wages paid to him during his term of his employment, Defendants' counterclaim goes far afield of wages and alleges 29 separate breaches of fiduciary duty, labeled "a" to "ccc" in the counterclaim as follows:

a. Failing to oversee and manage the day-to-day operations of the imaging centers;

b. Failing to regularly and fully report to Dr. Adamo all matters within Stannard's job functions;

c. Failing to be loyal to Bluewater in all aspects of his job functions;

d. Failing to engage architects, engineers and other professionals to design and physically complete the imaging centers to meet all regulatory and legal requirements;

e. Failing to locate the appropriate imaging equipment needed for the imaging centers to operate;

f. Failing to arrange lease financing of imaging equipment where possible;

g. Failing to coordinate the delivery and set up of all such imaging equipment;

h. Failing to arrange for servicing of imaging equipment on an ongoing basis;

i. Failing to hire and supervise all staff needed for the imaging centers to open and operate;

j. Failing to set appropriate salary levels for all staff hired for the imaging centers;

k. Failing to oversee all providers' contracts reviewing/renegotiating their terms finalizing all registrations and accreditations required by law for the imaging centers to open;

l. Failing to register the imaging centers with all private insurers and government payors; and,

m. Failing to supervise all billings to all private insurers, government payors, and individual patients;

n. Failing to help with daily administration by failing to construct an organization chart to encompass Bluewater's Boca Raton and West Palm Beach imaging centers and an MRI center known as the Kagan clinic;

o. Failing to obtain all proper exemptions from the State of Florida's Agency for Health Care Administration (AHCA) for Bluewater's Boca Raton facility;

p. Failing to obtain all proper exemptions from AHCA for Bluewater's West Palm Beach facility;

q. Failing to submit and obtain biomedical waste permits for Bluewater's Boca Raton facility;

r. Failing to submit and obtain biomedical waste permits for Bluewater's West Palm Beach facility;

s. Failing to maintain a Business Tax Receipt with the City of Boca Raton;

t. Failing to maintain a Business Tax Receipt with the Palm Beach County;

u. Failing to maintain a Business Tax Receipt with the City of West Palm Beach;

v. Failing to establish Bluewater's Boca Raton facility as a licensed and permitted Health Care Clinic;

w. Failing to establish Bluewater's West Palm Beach facility as a licensed and permitted Health Care Clinic;

x. Failing to obtain a waiver pursuant to the Clinical Laboratory Improvement Amendments (CLIA) for Bluewater's Boca Raton facility, which waiver was required to perform lab work;

y. Failing to obtain a CLIA waiver for Bluewater's West Palm Beach facility;

z. Failing to follow through on obtaining radiation machine registration for Bluewater's Boca Raton facility;

aa. Failing to follow through on renewing the radiation machine registration for Bluewater's West Palm Beach facility and letting the old registration expire;

bb. Failing to submit accreditation of Bluewater's MRI's equipment;

cc. Failing to file a fictitious name registration with the Florida Secretary of State.

(DE 28 at 17-20).

In the Court's view, the counterclaim does not derive from the same common nucleus of operative fact as Plaintiff's affirmative claims, but instead involves different, far-ranging facts, occurrences, witnesses, and evidence. The mere fact that all claims arise from the same employment relationship does not, alone, satisfy § 1367(a). *See Odely*, 2007 WL 9700985, at *2 (collecting cases for the proposition that "where the main factual connection between claims is that both arise out of the employment relationship between the parties, such a connection is insufficient to provide a basis for supplemental jurisdiction"). As such, the counterclaim should be dismissed because it fails to satisfy the requirements of § 1367(a).

2. § 1367(c)

Next, even if the counterclaim satisfies § 1367(a), the Court alternatively recommends dismissal under § 1367(c), which provides as follows:

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--

(1) the claim raises a novel or complex issue of State law,

(2) *the claim substantially predominates over the claim or claims over which the district court has original jurisdiction*,

(3) the district court has dismissed all claims over which it has original jurisdiction,

or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

(emphasis added).

In particular, the Court recommends dismissal under subsection (c)(2) because Defendants' breach-of-fiduciary-duty counterclaim involves factual and legal issues far more expansive than the discrete issue of wages raised by Plaintiff's affirmative claims.  In the Court's view, the counterclaim will "substantially predominate" over Plaintiff's affirmative claims within the meaning of § 1367(c)(2).  *See Kucinich v. Piccirillo*, No. 5:24-CV-171-JSM-PRL, 2024 WL 4827856, at *3 (M.D. Fla. Aug. 2, 2024) (declining supplemental jurisdiction under § 1367(c)(2) because "the state-law claims substantially predominate over the sole federal FLSA claim"); *Ortiz v. Pin Ups of Daytona Beach, LLC*, No. 6:19-cv-1644-Orl-37LRH, 2020 WL 10456855, at *4–5 (M.D. Fla. Mar. 18, 2020) (declining supplemental jurisdiction under § 1367(c)(2) because "Defendants' counterclaims would substantially predominate over the FLSA claims"); *Bohenkamp v. JT Private Duty Home Care, LLC*, No. 2:14-CV-366-FTM-38CM, 2014 WL 6722505, at *2 (M.D. Fla. Nov. 28, 2014) (declining supplemental jurisdiction under § 1367(c)(2) because "[e]ven assuming there was some factual overlap with Plaintiff's FLSA claim, the counterclaims would clearly predominate over Plaintiff's FLSA claim").

Defendants remain free to litigate Plaintiff's day-to-day job performance in another forum, but they should not be permitted to overwhelm the instant case with those issues.  For all of these reasons, the counterclaim should be dismissed pursuant to § 1367(c)(2).

11

## IV. RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** as follows:

1. The motion to dismiss (DE 30) be **GRANTED**.

2. The counterclaim (DE 28) be **DISMISSED WITHOUT PREJUDICE** to re-file in another forum where Defendants can obtain subject matter and personal jurisdiction.

3. The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge David S. Leibowitz.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

4. **IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THE PARTY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 6th day of August 2025.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE