**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:24-cv-81521-LEIBOWITZ/Hernandez**

**JAMES STANNARD**,

       *Plaintiff,*

v.

**GOLDORO DEVELOPMENTS, INC., *et al.*,**

       *Defendants.*

_____/

## REPORT AND RECOMMENDATION

Before the Court is the parties' Joint Motion to Approve Settlement and to Dismiss Case with Prejudice.  [ECF No. 65].  The Honorable David S. Leibowitz referred the Motion to us for a report and recommendation.  [ECF No. 67].  Having reviewed the parties' arguments, the record, the final settlement agreement ("Settlement Agreement"), [ECF No. 65-1], the notice regarding attorney fees, [ECF No. 69], and considering the statements of counsel at a fairness hearing conducted on July 7, 2026, [ECF No. 70], we respectfully recommend that the Motion be **GRANTED**.

This case includes claims under the Fair Labor Standards Act ("FLSA") for alleged violations of the statutory wage and overtime provisions.  *See* 29 U.S.C. § 201, *et seq.*; [ECF No. 1].  Before the Court can dismiss this case and approve a settlement of the FLSA claims, we must scrutinize the settlement to determine that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions."  *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).  In doing so, courts consider several factors, including: (1) the possible existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel.  *See Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994); *see also McHome v. Donald P. Hoekstra Plumbing, Inc.*, No.

10-60322-CIV, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010). In the end, if the settlement reflects a reasonable compromise over FLSA issues that are actually in dispute, this Court may approve the settlement "to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354.

In scrutinizing the Settlement Agreement, we considered the above factors, the overall strengths and weakness of the parties' respective positions, and their desire to reach a speedy resolution that avoids the costs and uncertainty of litigation. The Court is familiar with the arguments, the evidence, and the record, having conducted a detailed review of the pleadings and the parties' dispositive and non-dispositive motions in the case, as well as the district court's rulings. *See e.g.*, [ECF Nos. 1, 10, 16, 18, 25, 27, 28, 55–56, 59–60, 61–62]. We therefore considered that plaintiff James Stannard's claims were disputed as to liability and amount and that all parties were represented by counsel. The parties indicated they agreed to a payment schedule, under which the final payment is due in 13 months' time. The parties request that the Court retain jurisdiction over the matter to enforce the settlement agreement for thirteen months.

Furthermore, the Settlement Agreement itemizes the settlement amount, specifying the amount designated for attorney's fees and costs. We reviewed "the reasonableness of [Plaintiff's] counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). We find that the fees are reasonable given the work done on the case, as reflected in counsel's detailed submission. *See* [ECF No. 69].

Accordingly, it is hereby **RECOMMENDED** as follows:

(1) The Motion, [ECF No. 65], should be **GRANTED**, the Parties' Settlement Agreement **APPROVED**, and the case **DISMISSED WITH PREJUDICE**.

(2) The Court should retain jurisdiction to enforce the settlement agreement for thirteen months.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  Failure to timely object shall bar the parties from de novo determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report.  28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1; *see, e.g.*, *Patton v. Rowell*, 678 F. App'x 898, 901 (11th Cir. 2017); *Cooley v. Comm'r of Soc. Sec.*, 671 F. App'x 767, 768–69 (11th Cir. 2016).

**DONE AND RECOMMENDED** in the Southern District of Florida on July 7, 2026.

_____

**YENEY HERNANDEZ**
**UNITED STATES MAGISTRATE JUDGE**

cc:      counsel of record